JABEZ M. PIKE, et als.

*vs.*

WILLIAM BANNON AND E. A. HOLMES PACKING COMPANY, Alleged Trustee.

Washington.    Opinion July 8, 1916.

*Amount of wages exempt.    Revised Statutes, Chapter 88, Section 55, interpreted.    Trustee action.*

Under the provisions of R. S., chap. 88, sect. 55, subsection VI as amended, the exemption from attachment of the wages of the principal defendant, for his own personal labor earned during a period not exceeding one month prior to the service of process is limited to twenty dollars.

The exemption of ten dollars in all cases is not additional to the exemption of twenty dollars, but is applicable when wages for the principal defendant's own labor have been earned during a period more than one month prior to the service of process.

Action of assumpsit with trustee process for the recovery of certain sums of money on account of goods sold and delivered principal defendant. Principal defendant was defaulted, and question was raised as to what sum should be charged the trustee under the disclosure as filed. Under the ruling of the presiding Justice, the trustee was charged with a certain amount, and exceptions were filed by the trustee to this ruling. Exceptions overruled.

Case stated in opinion.

*H. E. Saunders,* for plaintiffs.

*E. W. Pike,* for trustee.

SITTING: SAVAGE, C. J., KING, BIRD, PHILBROOK, MADIGAN, JJ.

BIRD, J. This is an action of assumpsit for the recovery of $130.72 for goods sold and delivered the principal defendant. The trustee filed its disclosure, and after hearing the Justice presiding below held the defendant corporation charged with the sum of twelve dollars and fifty cents as trustee of the principal defendant. To this ruling the trustee seasonably excepted and the case is now here upon its bill of exceptions. The disclosure and sec. 55 of c. 88, R. S., as amended by the Public Laws of 1909, c. 256, are made part of its bill.

Service was twice made upon the alleged trustee, the first on Saturday, the twenty-eighth day of August, 1915, and the second on Wednesday, the eighth day of September, 1915. From the disclosure of the trustee it appears that the principal defendant was employed by the trustee as foreman of a department at the wages of fifteen dollars per week and twenty-five cents per hour for extra time, that on the day of the first service the principal defendant had earned within the thirty days next preceding the sum of $34.50 from which amount the sum of $2.00 was due and owing the trustee and that at the date of the disclosure there remained in the hands of the trustee $12.50, twenty dollars having been paid by it to the principal defendant before the day of the second service upon the trustee. The disclosure also shows that during the week ending on Saturday, September 4, 1915, he earned as wages for his personal labor $18.50 on account of which during the same week the trustee had advanced him $17.00 and

that on Wednesday, September 8, 1915, the date of the second service, he had earned $8.50 of which sum the trustee had, before the second service, advanced him the sum of $3.00. The trustee declares in its disclosure that the principal defendant "was working under a weekly contract and no part of it was due or payable until each week's services ending Saturday had been performed by him."

It is provided by c. 88, sec. 55, R. S., as amended by the Public Laws of 1909, c. 256, and Public Laws of 1911, c. 175, that no person shall be adjudged trustee;

VI. By reason of any amount due from him to the principal defendant, as wages for his personal labor, or that of his wife or minor children, for a time not exceeding one month next preceding the service of the process, and not exceeding twenty dollars of the amount due to him as wages for his personal labor, and ten dollars shall be exempt in all cases. . . .

The history of this subsection of section 55, c. 88, R. S., as shown in its various amendments and the decisions of the court, make it clear that this subsection exempts the amount due principal defendant for his personal labor, or that of his wife or minor children, earned during a period not exceeding one month next prior to service of process with the limitation that the amount so exempt shall not, when the amount in the hands of the trustee is due principal defendant as wages for his own personal labor, exceed the sum of twenty dollars, and when earned within a period more than one month prior to such service the amount exempt shall be limited to ten dollars. *Lock* v. *Johnson,* 36 Maine, 464, 465; *Collins* v. *Chase,* 71 Maine, 434, 436; *Haynes* v. *Hussey,* 72 Maine, 448, 449; *Haynes* v. *Thompson,* 80 Maine, 125, 129; *Quimby* v. *Hewey,* 92 Maine, 129, 132; *Meserve* v. *Nason,* 96 Maine, 412, 414. *Jumper* v. *Moore,* 110 Maine, 160, does not change the view of the court, since under the facts in that case twenty dollars was exempt, the amount in trustee's hands being due as wages for the principal defendant's own personal labor performed within one month next preceding service. The contention of the trustee is that thirty dollars were exempt in the case under consideration. But the greater sum includes the less and

we find nothing in the statute to warrant the conclusion that the exemption of ten dollars was independent of the limitation of twenty dollars and additional thereto.

Counsel for both plaintiff and trustee agree, but upon different grounds, however, that there was nothing in the hands of the trustee upon the second service, which was not exempt under the statute. To their conclusion the court assents. *Haynes* v. *Thompson,* 80 Maine, *125, 129.*

The exceptions must therefore be overruled.

<em>Exceptions overruled.</em>